UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLDUINE MOMBRUN,

    Petitioner,

v.                              Case No. 8:09-cv-433-T-33TGW

DEPARTMENT OF HOMELAND SECURITY,
et al.,

    Respondents.
_____

**O R D E R**

Mombrun petitions for the writ of habeas corpus pursuant to 28 U.S.C. §2241 and challenges his continued confinement pending deportation. Mombrun represents that a final order of removal was issued on February 7, 2007. Mombrun states that he signed a consent form requesting that he be deported to Haiti Immediately, and that he did not appeal the final order of removal. He states that **he entered immigration custody on September 27, 2008**, and has been detained at several facilities since then. Presently he is detained at the Hernando County Jail.

Mombrun contends that his release from custody is required because there is no significant likelihood of removal in the reasonably foreseeable future, relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001). Mombrun is correct that *Zadvydas* controls his situation, but the ruling in that case requires dismissal of this action.

After an in-depth review of the pertinent immigration statutes, *Zadvydas v. Davis*, 533 U.S. at 699, states that "once removal is no longer reasonably foreseeable, continued detention [of the alien] is no longer authorized by statute." The Court explained:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be condition on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.

*Zadvydas v. Davis*, 533 U.S. at 699 (citations omitted). In order to ensure "uniform administration in the federal courts," *Zadvydas* acknowledges that six months is a reasonable period.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas v. Davis,* 533 U.S. at 701. Because Mombrun's detention has not exceeded six months, the petition is premature.

Accordingly, the petition for writ of habeas corpus is **DISMISSED** as premature. The Clerk is directed to enter judgment against Mombrun and to close this case.

ORDERED at Tampa, Florida, on March 16, 2009.l

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Olduine Mombrun